IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PETWORTH HOLDINGS, LLC**,
4140 Georgia Avenue NW
Washington, DC 20011, and

**JOHN C. FORMANT**,
225 Pennsylvania Avenue SE
Washington, DC 20003,

      Plaintiffs,

v.

**MURIEL BOWSER**, in her official capacity
as the Mayor of the District of Columbia,
1350 Pennsylvania Avenue NW
Washington, DC 20001,

**KARL A. RACINE**, in his official capacity as
the Attorney General of the District of Columbia,
441 4th Street NW
Washington, DC 20001,

**TOMMY WELLS**, in his official capacity as the
Director of the District of Columbia Department
of Energy & Environment,
1200 First Street NE
Washington, DC 20002, and

**THE DISTRICT OF COLUMBIA GAS
STATION ADVISORY BOARD**,
1350 Pennsylvania Avenue NW
Washington, DC 20001,

      Defendants.

Case No. 1:18-CV-00003

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Petworth Holdings, LLC ("Petworth") and John C. Formant, by and through their undersigned counsel, as for their Complaint against Muriel Bowser, in her official capacity as the Mayor of the District of Columbia; Karl A. Racine, in his official capacity as the Attorney

General for the District of Columbia; Tommy Wells, in his official capacity as the Director of the District of Columbia Department of Energy and Environment ("DOEE"); and the District of Columbia Gas Station Advisory Board ("GSAB"), state as follows:

1. This action seeks declaratory relief in the form of a ruling that the District of Columbia's Prohibition on Conversions (D.C. Code § 36-304.01) (the "Law") violates the Fifth and Thirteenth Amendments to the United States Constitution.

2. This action further seeks injunctive relief in the form of an injunction prohibiting Defendants from enforcing any portion of the Law, with specific reference to the penalty provisions in Section 36-304.01(g)(1)-(3).

**Parties**

3. Plaintiff Petworth Holdings, LLC, is a limited liability company organized under the laws of the District of Columbia.

4. Petworth owns Lot 40 in Square 2910 at 4140 Georgia Avenue NW, Washington, DC 20011 (the "Property").

5. Petworth leases the Property and its improvements to DAG Petroleum Suppliers LLC ("DAG"), who, along with its several sublessees, operate a Shell "full service retail service station" that provides gasoline dispensing, a small convenience store and automotive repair bays (the "Station").

6. Plaintiff John Formant is one of two members of Petworth Holdings, LLC. Through Petworth Holdings, LLC, he purchased the Property and Station as an investment. He never intended to operate a station but rather to develop the property.

7. Defendant Muriel Bowser is the Mayor of the District of Columbia and is charged in her official capacity with faithfully executing the laws of the United States of America and of

the District of Columbia including, but not limited to, D.C. Code § 36-304.01 and U.S. Const. Amend. V & XIII. D.C. Code § 1-604.08.

8. Defendant Karl A. Racine is the Attorney General for the District of Columbia, charged with enforcing the laws of the District of Columbia, including but not limited to § 36-304.01 and U.S. Const. Amend. V & XIII.

9. Defendant Tommy Wells is the Director of the District of Columbia DOEE, charged with enforcing D.C. Code § 36-304.01 pursuant to § 36-304.01(h) and (i).

10. Defendant District of Columbia GSAB is an advisory board established by § 36-304.01(e).

## Jurisdiction and Venue

11. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution of the United States.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Petworth's claims occurred in the District of Columbia.

13. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of the action is situated in the District of Columbia.

## Facts Common to All Counts

*Petworth and the Property*

14. In 2005, Petworth purchased the Property from DAG and leased it back to DAG. The Station was located on the Property when Petworth purchased it.

15. In February 2006, Petworth filed a Planned Unit Development ("PUD") application with the D.C. Zoning Commission (the "Commission"). On May 14, 2007, the

Commission approved Petworth's PUD application by Order No. 06-02.

16. When the financial crisis of 2007-2008 hit the U.S. economy, Petworth placed its PUD on hold, and DAG continued to lease and to operate the Station on the Property.

17. Petworth made a decision to sell the Property, and in 2014, solicited bids from potential purchasers and developers of the Property.

*The 2014-2015 Revisions to the Law*

18. On October 7, 2014, and October 28, 2014, Bill 20-71, "New Columbia Statehood Initiative and Omnibus Boards and Commission Reform Amendment Act of 2014" (the "Bill"), was adopted on first and second readings, respectively. Newly elected Mayor Bowser returned the Bill to the City Council unsigned, and the Bill was deemed approved without the signature of the Mayor on January 29, 2015. It was assigned Act Number 20-615 (the "Act") and transmitted to Congress for its review. The Act became effective May 2, 2015.

19. The Act made several important and substantive changes to D.C. Code Section 36-304.01(b), among other things, by inserting the word "discontinued" and the words "or into any other use."

20. Prior to the Act, D.C. Code § 36-304.01(b) read as follows: "No retail service station which is operated as a full service retail service station on or after April 19, 1977, may be structurally altered, modified, or otherwise converted, irrespective of the type or magnitude of the alteration, modification, or conversion, including, but not limited to, any alteration, modification, or conversion which has the effect of merely obstructing access to an existing garage, service bay, work area, or similar enclosed area by any motor vehicle which was previously accommodated, into a non-full-service facility."

21. The Act amended D.C. Code § 36-304.01(b) to read, "No retail service station

which is operated as a full service retail service station on or after April 19, 1977, may be discontinued, nor may be structurally altered, modified, or otherwise converted, irrespective of the type or magnitude of the alteration, modification, or conversion, including, but not limited to, any alteration, modification, or conversion which has the effect of merely obstructing access to an existing garage, service bay, work area, or similar enclosed area by any motor vehicle which was previously accommodated, into a non-full-service facility or into any other use."

22. Thus, the Act vastly expanded the scope of the Law – instead of prohibiting structural changes that would convert full-service retail service stations into non-full-service retail service stations, it prohibits any operator from closing a full-service retail service station and using it or the property on which a full-service retail service station is located for "any other purpose."

23. The Act therefore requires any operator of a full-service retail service station to continue to use its property only to operate a full-service retail service station, and to work at or cause the full-service retail service station to be operated *forever*.

24. The Act purports to offer a process for the owner of a full-service retail service station to seek an exemption from its lifetime servitude requirement, but as acknowledged by Defendant Racine, that process is both illegal and illusory.

25. Subsection (d) provides that "[a]n exception may be granted" to the prohibition on ever closing a full-service retail service station if a petition is received and granted by the "Gas Station Advisory Board." D.C. Code § 36-304.01(d)(1), (d)(1)(A).

26. In November 2014, on an emergency basis, the City Council passed Bill 20-986, "New Columbia Statehood Initiative, Omnibus Board and Commissions, and Election Transition Reform Emergency Act of 2014," making the Amendments to D.C. Code Section 36-304.01

effective immediately.

    27.     In signing Bill 20-986, then Mayor Gray wrote, among other things, "Moreover, 211(a)(1) of the Bill states that a full-service retail service station may not be 'discontinued' unless the Gas Station Advisory Board chooses to recommend, and the Mayor chooses to grant, an exemption. In my view, prohibiting retail service station owners from 'discontinuing' their stations may violate the Fifth Amendment by 'taking' a retail service station owner's property without just compensation. A property owner ordinarily has the right to dispose of his property, but this language could prohibit a retail station owner from ever deciding to shut down his or her station, under any circumstances. It could also be read to prohibit a station owner from retiring unless that owner had identified a successor who could continue the business. Because this provision may violate the U.S. Constitution, it is a nullity without legal force and effect and I will not implement it." He continued, "Therefore, I am only signing this Bill because I received assurances that the City Council will advance legislation amending these flawed provisions at the December 2, 2014 legislative session." A true and accurate copy of Former Mayor Gray's letter is attached as Exhibit A to this Complaint.

    28.     In 2015 and 2016, the City Council passed Bill 21-437, "Gas Station Advisory Board Emergency Amendment Act of 2015"; Bill 21-438, "Gas Station Advisory Board Temporary Amendment Act of 2015"; and Bill 21-894, "Gas Station Advisory Board Congressional Review Emergency Amendment Act of 2016." Mayor Bowser returned all three (3) bills to the City Council unsigned, stating in her October 29, 2015, letter to the City Council that because the Act "required a showing of 'extreme financial hardship' before a gas station could be converted to another use, the Attorney General issued a legal opinion raising constitutional concerns, and I return that bill to the Council unsigned while urging you to take

remedial action." She continued, "I believe a compromise can be struck that achieves the legislative intent to preserve gas stations for District residents and visitors while respecting property owners' rights and promoting economic development." True and accurate copies of Defendant Bowser's three (3) letters are attached as Exhibit B to this Complaint.

*The Exception Process Is Illusory*

29. The GSAB does not, in practice, exist. As Defendant Racine acknowledges, because "no members have been appointed to the Board for 11 years, owners and operators of service stations have no way to obtain an exemption from these restrictions." Exhibit C.

30. The GSAB has no physical office space.

31. Upon information and belief, the GSAB has no employees.

32. Thus, even if the 2014-2015 amendments had not rendered the Law unconstitutional, application of the law would be unconstitutional in any event because the only way to obtain an exemption from the Law's prohibition on ever closing, selling, or ceasing to operate a full-service retail service station is to seek approval from a board that does not exist.

33. Therefore, in all practical terms, the Law, as amended by the Act, operates as a total ban on ceasing the operation of any full-service retail service station in the District of Columbia.

34. Defendant Racine, in communication with the City Council, contends that, without approval from the GSAB (which does not exist), "an owner or operator cannot discontinue a full-service retail service station at all." *Id*.

*The Law's Impact on Plaintiffs*

35. After the Act was passed, amending the Law, Plaintiffs' efforts to consummate the sale of the Property have been substantially hindered.

7

36. After the Act was passed, potential purchasers of the Property have stated that they would not purchase the Property if they were required to operate a full-service retail service station on the Property in perpetuity.

37. Plaintiffs' property interests have been substantially harmed by the passage of the Act.

38. The Law, as modified by the Act, therefore acts as a regulatory taking of Plaintiffs' property.

39. No Defendant has offered Plaintiffs any just compensation for the taking of the Property.

## FIRST CAUSE OF ACTION

### Declaratory Relief – Fifth Amendment

40. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 of the Complaint with the same force and effect as if fully set forth herein.

41. The Fifth Amendment to the United States Constitution reads: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; *nor shall private property be taken for public use, without just compensation*." U.S. Const. Amend. V (emphasis added).

42. The Law, as modified by the Act, substantially hinders Plaintiffs from selling the Property, since no prospective purchaser has been willing to purchase the Property if such purchase includes the obligation to operate a full-service retail service station on the Property in

perpetuity.

43. The Law, as modified by the Act, prohibits Plaintiffs from ever discontinuing to use the Property as a full-service retail service station.

44. Because the Law, as modified by the Act, effectively prohibits Plaintiffs from selling the Property, and prohibits discontinuing the use of the property as a full-service retail service station, the Law serves as a taking of private property for public use in violation of the Fifth Amendment.

45. No Defendant has offered just compensation for the taking of Plaintiffs' property.

## SECOND CAUSE OF ACTION

### Declaratory Relief – Thirteenth Amendment

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 of the Complaint with the same force and effect as if fully set forth herein.

47. The Thirteenth Amendment to the United States Constitution reads: "Neither slavery nor *involuntary servitude*, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. Amend. XIII (emphasis added).

48. The Law, as modified by the Act, prohibits Plaintiffs from ever discontinuing to use the property as a full-service retail service station.

49. Because the Law, as modified by the Act, effectively prohibits Plaintiffs from selling the Property, and prohibits discontinuing the use of the property as a full-service retail service station, the Law subjects Plaintiffs Formant and Petworth to a condition of involuntary servitude.

## THIRD CAUSE OF ACTION

### Injunctive Relief – All Defendants

50.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 49 of the Complaint with the same force and effect as if fully set forth herein.

51.     As stated above, the Law, as modified by the Act, serves as a taking of Plaintiffs' private property for public use in violation of the Fifth Amendment to the United States Constitution and subjecting Plaintiffs Formant and Petworth to a condition of involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution.

52.     The Law, as modified by the Act, purports to grant Defendant DOEE the right to enforce the Law's provisions by levying fines against property owners for exercising their property rights.

53.     Because the Law violates the Fifth and Thirteenth Amendments, this Court should enjoin all Defendants from enforcing any of its provisions, and specifically enjoin Defendant DOEE from levying any fine against Plaintiffs for any purported violation of the Law.

**WHEREFORE**, Plaintiffs Petworth Holdings, LLC, and John C. Formant respectfully pray for relief as follows:

A.     A declaration that D.C. Code Section 36-304.01 violates the Fifth Amendment to the United States Constitution and therefore must be stricken.

B.     A declaration that D.C. Code Section 36-304.01 violates the Thirteenth Amendment to the United States Constitution and therefore must be stricken.

C.     An injunction barring any Defendant from enforcing any provision of D.C. Code Section 36-304.01, and specifically barring Defendant DOEE from enforcing the penalty provisions in Section 36-304.01(g)(1)-(3) against Plaintiffs.

Dated: Washington, DC
       January 2, 2018

Respectfully submitted,

Manatt, Phelps & Phillips, LLP


By /s/ Benjamin G. Chew
Benjamin G. Chew (D.C. Bar No. 418577)
Rory E. Adams (D.C. Bar No. 986549)
1050 Connecticut Ave NW
Washington, DC 20036
(202) 585-6500

*Attorneys for Plaintiffs Petworth Holdings, LLC, and John C. Formant*

204353137.2